UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CHAD E. WRIGHT

    PLAINTIFF,

V.

SARASOTA SECURITY PATROL, INC.

    DEFENDANT.

_____/

CASE NO.: 8:17-cv-552-T-26-JSS

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Chad E. Wright, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, SARASOTA SECURITY PATROL, INC., (hereinafter referred to as the "Defendant"), and states as follows:

### Introduction

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act"), and FLA. STAT. § 448.10 (hereinafter "§ 448.110").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear plaintiff's claim under § 448.110, FLA. STAT.

3. Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Sarasota County, Florida, where the Defendant maintains its headquarters in the Middle District of Florida.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the the Act was engaged in commerce as defined by 29 U.S.C. 207(a).

5. Defendant is a Florida corporation, which has its main place of business in Sarasota County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. At all times pertinent to this Complaint, the Employer/Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

8. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL FACTUAL ALLEGATIONS

9. From early August 2016 through December 23rd, 2016, defendant violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA and § 448.110 by failing to pay the Plaintiff the proper agreed upon wage for all hours worked.

10. The Defendant misclassified the employee as an exempt salaried employee not entitled to overtime compensation under the FLSA.

11. The Plaintiff worked an average of fifty-five hours each and every week during his employment with the Defendant.

12. The Plaintiff performed non-exempt work as a security guard.

13. The Plaintiff's primary duty and work performed is indistinguishable from other non-exempt employees of the Defendant.

### COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. During Plaintiff's employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

16. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLA. STATUTES (overtime wages and unpaid wages)

17. Plaintiff realleges Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

18. The Plaintiff provided notice pursuant to § 448.110 on January 25th, 2016 (See Exhibit A).

19. Pursuant to § 448.110, Plaintiff is entitled to his regular hourly wage for each hour worked and overtime for each hour worked in excess of forty hours in a standard workweek.

20. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X §24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wages, overtime wages and back pay;

b. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding such other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this Sixth day of March 2017

FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com



**FRANK M. MALATESTA, ESQ.**

871 Venetia Bay Blvd., Ste # 220
Venice, FL 34285

Phone: (941) 256 - 3812
Fax: (888) 501 - 3865
Frank@Malatestalawoffice.com
Florida Bar # 0097080

To: Sarasota Security Patrol, Inc.
2063 Main Street, Suite 104
Sarasota, FL 34237

**Exhibit A**

RE: Notice of Intent to Initiate Litigation, former employee Chad R. Wrigh

By and through his undersigned counsel, the Claimant, Chad E. Wright, hereby provides notice of his intent to initiate litigation for overtime wage violations under Fair Labor Standards Act ("FLSA") and unpaid wages pursuant to Florida Statute 448.110 against Sarasota Security Patrol, Inc. ("hereinafter referred to as "the Company").

The Claimant was hired by the Company on August 21st, 2016 to work as a security guard. The Claimant and other employees of the Company were the victim of deceptive compensation practices including violations of the FLSA and F.S. 448.110. Specifically, the Claimant was classified as an exempt, salaried employee. Therefore, he was deprived of overtime and regular wages in accordance with Federal and Florida law. The Claimant estimates that he worked an average of 55 hours during his 17 weeks with the Company.

In an attempt to avoid litigation delay, the Claimant hereby demands the following immediately payment of the following damages:

A. $ 6,436.28 in unpaid overtime and regular wages, and
B. $ 6,436.28 in liquidated damages.

At this time, the Claimant does not request attorneys' fees and costs. Under both Federal and Florida, the Claimant may be awarded attorneys' fees and costs to litigate this matter. Typical costs are not arbitrarily limited and shall likely exceed and even double the demand above. This does not include the Company's attorneys' fees and costs attributable to a defense attorney and said attorneys' fees will likely also exceed the demand above[i].

Florida law allows 14 days for the Company to address the Claimant's claim for unpaid wages.

Respectfully Submitted this 25th day of January 2017:

Frank M. Malatesta, Esq.
Attorney at Law

USPS TRACKING # & CUSTOMER RECEIPT
9114 9999 4423 8690 7316 77
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

---

[i] http://www.gordonrees.com/publications/2015/attorney-s-fees-under-the-fair-labor-standards-act-an-ever-growing-tail